# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN M. and PATRICIA S. KEEFER**, *Plaintiffs* | ) ) ) ) ) ) ) ) ) ) | Case No. 3:20-cv-00836-B<br><br>Jury Trial:   No |
| **-v-** | | |
| **UNITED STATES OF AMERICA**, *Defendant* | | |

### PLAINTIFFS' RESPONSE
### TO DEFENDANT UNITED STATES' AMENDED MOTION FOR SUMMARY JUDGMENT

Plaintiffs Kevin Keefer and Patricia Keefer file this Plaintiffs' Response to Defendant United States' Amended Motion for Summary Judgment (Doc. 67).

### I.     Response

Defendant's motion for summary judgment should be denied for these reasons, as further set out in Plaintiffs' Brief in Support of Their Response to Defendant United States' Amended Motion for Summary Judgment.

**Defendant's Issue A.** Kevin Keefer's charitable contribution of a 4% partnership interest to the Pi charity was not an anticipatory assignment of income.

> 1.     Kevin Keefer's transfer of an income-producing asset, a partnership interest, as opposed to a transfer of the income produced from the partnership interest, did not trigger the anticipatory assignment of income doctrine.

---

**Plaintiffs' Response to Defendant United States' Amended Motion for Summary Judgment -- Page 1 of 5**

2. The partnership's sale of its hotel property was not "practically certain to occur" at the time of Kevin Keefer's gift since no seller or buyer was legally bound to sell or buy at that time.

3. The participants' subjective views of probability of some sale of the hotel by the partnership, or even some control by the participants over future events, does not meet the "practically certain" test.

4. Defendant's criticism of the Keefers' tax planning does not trigger the anticipatory assignment of income doctrine.

5. Kevin Keefer's disclosure to the donee, Pi, that the partnership had a pre-existing liability to pre-existing partners for previously delayed distributions because of contractual cash reserve requirements was not a "carving out" from the contribution.

**Defendant's Issue B.** The Keefers' appraisal of the donated partnership interest and the Keefers' Form 8283 both adequately complied with the statutory requirements:

1. The Keefers' Form 8283 with its accompanying appraisal accurately described and valued the partnership interest donated.

2. The Keefers' Form 8283 with its attached appraisal did include the tax identification number of the appraiser as required by the government.

3. The contemporaneous written acknowledgement from the donee, Pi, acknowledged that Pi had exclusive legal control of the donated interest after the donation.

4. Even if the Keefers are found not to have provided all the information required in their appraisal and Form 8283, any omissions were *de minimus* and the Keefers had reasonable cause and no willful neglect as allowed by the law, and the IRS wrongfully failed to allow the Keefers an opportunity to correct any omissions.

5. The government's analyses and work notes are admissible in evidence and are relevant to the factual questions of reasonable cause, no willful neglect, the government's improper failure to provide the Keefers with an opportunity to correct any omission or mistake, and the government's lately raised defense of variance which the government itself created.

6. The IRS's conflicting or confusing instructions for Form 8283 are also relevant and admissible in evidence to show reasonable cause, no willful neglect, the Keefers' justifiable excuse, and the government's improper failure to provide the Keefers with an opportunity to correct any omission or mistake, and the government's lately raised defense of variance.

**Defendant's Issue C**.   The government now admits that admits the Keefers are entitled to a refund if the Keefers prevail on their 4% partnership contribution, or on an assignment of income scenario, or a recalculation of bargain gain scenario.

**Defendant's Issue D**. The doctrine of variance does not bar the Keefers' alternative Claim 2 or Claim 3 because the defendant itself belatedly took the unilateral

action that creates any variance after the Keefers' filing of the initial claim for refund was closed.

## II. Relief requested

The Keefers request the Court enter a summary judgment holding:

1. Defendant's Amended Motion for Summary Judgment be denied.

2. Summary judgment for the Keefers against the U.S. for the sum of at least $507,964.80 as set out in Claim 1 in the Keefers' Amended Motion for Summary Judgment (Doc. 64).

2. Alternatively, if the Court does not grant summary judgment against the U.S. as requested in Claim 1 above now or at trial, and finds the Keefers' contribution transaction was really an assignment of income by one or more plaintiffs and a charitable contribution of cash or that income now or at trial, then judgment against the U.S. for the sum of at least $327,520 set out in Claim 2 in the Keefers' Amended Motion for Summary Judgment (Doc. 64).

3. Alternatively, if the Court does not grant summary judgment against the U.S. as requested in Claim 1 or Claim 2 in the Keefers' Amended Motion for Summary Judgment (Doc. 64) now or at trial, that after trial on those issues in Claim 1 and Claim 2 in the Keefers' Amended Motion for Summary Judgment (Doc. 64) and if the Keefers do not prevail at trial on those issues, the Keefers' adjusted basis in the contributed asset results in a judgment against the U.S. as set out in Claim 3 in the Keefers' Amended Motion for Summary Judgment (Doc. 64) and a refund of the sum of at least $136,875 plus interest or related penalties collected thereon by the U.S..

    4.    Granting the Keefers relief under rule 56 (g) as applicable.

    5.    Granting the Keefers cost of court.

    6.    Granting the Keefers prejudgment and post judgment interest at the highest rates allowed by law.

    7.    Granting the Keefers general relief.

Respectfully submitted,

**GLAST, PHILLIPS & MURRAY, P.C**.

by: _____
Richard E. Young
Texas State Bar No. 22204800

by: /s/ Kenneth M. Horwitz
Kenneth M. Horwitz
Texas State Bar No. 10026500

14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
972.419.8376
972.419.8329 facsimile
ryoung@gpm-law.com

kmh@gpm-law.com

COUNSEL FOR PLAINTIFFS
KEVIN M. and PATRICIA S. KEEFER

**CERTIFICATE OF SERVICE**

I certify that on December 7, 2021, a copy of this document was served upon counsel for Defendant as follows: Moha Yepuri Moha.Yepuri@usdoj.gov ; Christian A. Orozco Christian.A.Orozco@usdoj.gov. Attorneys for Defendant United States of America.

_____

---

**Plaintiffs' Response to Defendant United States' Amended Motion for Summary Judgment -- Page 5 of 5**