IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN M. and PATRICIA S. KEEFER**, | § | Case No. 3:20-cv-00836-B |
| *Plaintiffs* | § | |
| | § | |
| **-v-** | § | Non-Jury Trial |
| | § | |
| **UNITED STATES OF AMERICA**, | § | |
| *Defendant* | § | |

**ORDER ON DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT AND ON PLAINTIFFS' AMENDED MOTION FOR SUMMARY JUDGMENT**

The Court has considered Defendant's Amended Motion for Summary Judgment (Doc. 67). After considering the motion and its supporting brief and appendix, and the plaintiffs' response and the summary judgment evidence, and the pleadings, the Court is of the opinion there defendant's motion should be denied, and there is no genuine dispute as to any material fact and plaintiffs are entitled to judgment as a matter of law under Rule 56(a) on the Claim 1, Claim 2, as asserted by Plaintiffs in their Second Amended Complaint, and denying Defendant's defense of variance as pled by defendant in its Answer to Second Amended Complaint, and that this Order should be entered.

It is therefore ORDERED, ADJUDGED and DECREED as shown by the "X" in the numbered paragraphs below:

(1) ___ Defendant United States of America's Amended Motion for Summary Judgment (Doc. 67) is denied.

(2) \_\_\_ The defendant United States of America erred in disallowing the Keefers' income tax deduction in 2015 of an appraised charitable contribution of an asset worth $1,257,000, and refusing to refund the additional tax and other charges paid of $507,964.80 for the taxable year 2015.

(3) \_\_\_ Plaintiffs Kevin M. Keefer and Patricia S. Keefer, jointly and severally, are entitled to and hereby awarded judgment against and recover from the Defendant United States of America the sum of $507,964.80 plus prejudgment interest of $_____ as calculated under I.R.C. § 6621, plus post judgment interest on that entire sum of the two foregoing amounts as calculated under I.R.C. § 6621, or at the highest rate allowed by law, and costs of court.

(4) \_\_\_ The Court finds the following and orders the following material facts are not genuinely in dispute and are treated as established in this case, pursuant to Rule 56(g):

    A. \_\_\_ **Timely refund request** -- Contrary to the IRS's assertion that the Keefers' request for refund was untimely, the Keefers timely filed their claim for refund of the tax within 2 years of paying the tax as allowed by 26 U.S.C. 6511(a).

    B. \_\_\_ **Appraisal document correctly supplied appraiser's "identifying number"** -- Contrary to the IRS's contention, the Keefers' appraisal was attached to their Form 8283, and that Form 8283 showed the "identifying number" of the "appraiser" as required by 26 C.F.R. Section 1.170A-17(a)(3)(iv)(A), and that disclosure satisfied the "identifying number" requirement.

C. \_\_\_ **Supplied exclusive legal control acknowledgment** -- Contrary to the IRS's contention, the Keefers received a contemporaneous written acknowledgment from the charity, that when read in its entirety, including the attachments part of the acknowledgment, show that the charity, after the Keefers' charitable donation, had exclusive legal control over the assets contributed as required by 26 U.S.C. § 170(f)(18)(B).

D. \_\_\_ **Even if IRS can require an identification number in both the Form 8283 and in the appraisal itself, Keefers had reasonable cause and no willful neglect in supplying it only in Form 8283.**

The technical appraisal reporting requirements the IRS has asserted "shall not apply" if the facts show the taxpayers' failure to meet that requirement is "due to reasonable cause and not to willful neglect," under 26 U.S.C. §170(f)(11)(A)(ii)(II) which the Keefers show as a matter of law here.

E. \_\_\_ **The omission of the individual appraiser's identification number was *de minimus*.**

The omission of the individual appraiser's tax ID does not degrade the quality of the appraisal, the paramount purpose of the appraisal under 26 C.F.R. §1.170A-13(c).

F. \_\_\_ **IRS failed to provide opportunity to correct appraisal document** -- Alternatively, the IRS was required to but failed to notify the Keefers that the appraisal summary in the form required by the regulations with the "identifying number" was not attached to their return and give the

>Keefers an opportunity to correct the claimed error as IRS is required to do by COMREP ¶ 66,591.005 Changes in valuation overstatement penalty; appraisal requirements. ('84 TRA, PL 98-369, 7112184).

(5) \_\_\_ The Court finds the following and orders the following material facts are not genuinely in dispute and are treated as established in this case, pursuant to Rule 56(g): the Keefers' contribution transaction was really an assignment of income by one or more plaintiffs and a charitable contribution of cash or that income, and the Keefers are entitled to summary judgment that the Keefers' charitable contribution results in a tax refund due to the Keefers of at least $327,520, and summary judgment against U.S. for that amount.

(6) \_\_\_ The Court finds that if at trial the Keefers' contribution transaction is disallowed entirely, then, in that event, the Keefers are entitled to summary judgment ordering the U.S. to recalculate the Keefers' basis in the asset transferred to the charity, and reduce the Keefers' tax and charges accordingly, and refund all amounts overpaid of $136,875.00.

(7) \_\_\_ The Defendant United States of America's defense of variance in its Answer to Second amended Complaint is hereby denied as a matter of law.

(8) \_\_\_ It is further ordered that all costs are taxed against Defendant, and Plaintiffs are allowed such writs and processes as may be necessary for the enforcement and collection of any judgment entered pursuant to this order.

(9) \_\_\_ Plaintiffs' counsel shall prepare a proposed judgment based on this order, submit the form to Defendant's counsel for purposes of a certificate of conference, then submit the proposed judgment to the Court within 14 days of this order.

#### END OF ORDER ####

Prepared by:
Richard E. Young
Texas State Bar No. 22204800

14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
972.419.8376
972.419.8329 facsimile
ryoung@gpm-law.com

COUNSEL FOR PLAINTIFFS
KEVIN M. and PATRICIA S. KEEFER