UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN M. KEEFER and PATRICIA S. KEEFER, | § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. 3:20-CV-0836-B |
| UNITED STATES OF AMERICA, | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Kevin (individually, Kevin) and Patricia Keefer (collectively, the Keefers)' Motion for Reconsideration of Order and for New Trial Under Rule 59 (Doc. 81). For the reasons that follow, the Court **DENIES** the motion.

### I.

### BACKGROUND

This is a tax-refund case. The Keefers are a married couple who seek a refund of income tax they jointly paid for 2015. Doc. 15, Am. Compl., ¶¶ 1, 3. The alleged overpayment resulted when the IRS disallowed the Keefers' charitable deduction for a donation of a 4% interest in "Burbank HHG Hotel, LP [(Burbank)], a . . . limited partnership, to the Pi Foundation [(Pi)], a . . . non-profit corporation." *Id.* ¶¶ 7, 10. The Court has previously recounted the facts and circumstances of the case and need not repeat them here. *Keefer v. United States*, 2022 WL 2473369, at *1 (N.D. Tex. July 6, 2022).

On July 6, 2022, the Court decided the Keefers' and Defendant United States of America

(the Government)'s cross-motions for summary judgment, finding that: (1) the Government's defense of variance did not apply to bar the Court's consideration of alternative refund bases raised by the Keefers in this litigation but not in their appeal to the Internal Revenue Service (IRS); (2) the anticipatory assignment of income doctrine applied to the Keefers' attempted donation of the limited partnership interest; and (3) the Keefers did not obtain a contemporaneous written acknowledgment (CWA) that met every statutory requirement for substantiating a charitable donation to a donor-advised fund, so they were not entitled to any charitable-donation deduction for either the assignment of the partnership interest or a cash donation to Pi. *Id.* at *18. Based on these findings, the Court held that the Keefers were not entitled to any refund. *Id.* The Court entered final judgment on July 7, 2022. Doc. 80, Final J.

On July 20, 2022, the Keefers filed the instant motion seeking "reconsideration, a new trial and to alter or amend the Court's Final Judgment." Doc. 81, Mot. Recons., 1. The Court set an expedited briefing schedule on the motion, Doc. 83, Elec. Order. The motion is fully briefed and the Court considers it below.

## II.

## LEGAL STANDARD

A motion for reconsideration or new trial filed within twenty-eight days of the Court's entry of judgment is reviewed under Federal Rule of Civil Procedure 59(e). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citing *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). Under this rule, a judgment may appropriately be altered or amended to correct "a manifest error of law or fact," to account for "newly discovered evidence," or to accommodate an intervening change in controlling law. *Schiller v. Physicians Res.*

*Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citation omitted). Critically, Rule 59(e) motions "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Sanders v. Bell Helicopter Textron, Inc.*, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005) (citing *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). The Rule 59(e) remedy is extraordinary and should be used sparingly. *Templet*, 367 F.3d at 479.

### III.

### ANALYSIS

The Keefers do not argue that the Court's judgment may be altered due to newly discovered evidence or an intervening change in law. *See* Doc. 81, Mot. Recons. Therefore the Court considers only whether the Keefers have shown that the Court's summary judgment and entry of final judgment was based on any manifest error of fact or law. *See Schiller*, 342 F.3d at 567.

The Keefers claim that the Court's determination that the IRS correctly disallowed the Keefers' charitable deduction donation for lack of a CWA satisfying the requirements of 26 I.R.C. §§ 170(f)(8) and (18) was error. Doc. 82, Br. Mot. Recons., 1. Specifically, they claim that: (1) the Court erroneously cited to the June 5, 2015 cover letter or erred by considering the June 8, 2015 donor advised fund packet (DAF Packet) in context of the June 5, 2015 cover letter; (2) the June 8, 2015 DAF Packet legally obligated Kevin to assign the Burbank partnership interest and that the fact that the "parties executed on June 18 another more extensive assignment document 10 days after the June 8 CWA and added to some of the provisions of the June 8 contribution does not mean the June 8 transfer was not already carried out or not enforceable and legally binding on Kevin Keefer as of June 8"; and (3) the June 8, 2015 DAF Packet should be read together with the June 18, 2015

Assignment of Interest.[1] *Id.* at 4, 7; *see also* Doc. 85, Reply, 3–4 (arguing that Texas partnership law allowed Kevin to unilaterally transfer the interest). In sum, the Keefers assert—as they did in their motion for summary judgment—that they "received both of the two CWA's required by 26 I.R.C. § 170: (a) the June 8, 2015 document . . . which was the (f)(18) acknowledgment of exclusive legal control, and (b) the September 9, 2015 document . . . which was the (f)(8) acknowledgment of no goods and services." Doc. 81, Mot. Recons., 1. They therefore claim the court erred in denying them one of two alternative refunds. Doc. 82, Br. Mot. Recons., 8.

The Government responds that the CWA argument has been previously asserted by the Keefers and rejected by the Court, and that the summary judgment record shows that the assignment of interest was made not on June 8, 2015, but on June 18, 2015, when the Burbank General Partner approved the transfer to Pi. Doc. 84, Resp., 5–6.

The Court agrees with the Government that the Keefers have not shown that the judgment should be altered or set aside. First, whether the June 5, 2015 cover letter was sent three days in advance of the June 8, 2015-dated DAF Packet creates no genuine issue of material fact regarding the date of the assignment of interest, which the summary judgment record plainly shows occurred on June 18, 2015. Doc. 69-5, Assignment Int., 443–44. Even if Kevin intended on June 8, 2015, to eventually assign the interest to Pi, signed a paper stating that he was doing so, and considered himself bound to do so, he neither transferred the interest nor had the right to do so on June 8, 2015.

---

[1] The Court notes that a motion under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller*, 342 F.3d 563. So, to the extent the Keefers now advance new arguments (not presented in the summary judgment briefing) about the relationship between the June 8, 2015 DAF Packet and June 18, 2015 Assignment of Interest, and a new legal theory about the binding legal effect of the June 8, 2015 DAF Packet on Kevin, such arguments are improper. *See id.* However, the Court has considered these new arguments to determine whether they clearly establish a manifest error of law or fact.

*See* Doc. 69-4, Appraisal, 410 (reflecting that a limited partner "shall not . . . dispose of . . . its interest in the Partnership without having first obtained the written consent of the [Burbank] General Partner, such consent to be within the sole, absolute and subject discretion of the General Partner"); Doc. 69-5, Assignment Int., 443–44 (bearing an "effective date" of June 18, 2015, and signed by the Burbank General Partner as "hereby" consenting to the Pi transfer). Instead, as the June 18, 2015 Assignment of Interest expressly states, the assignment was made and accepted through the June 18 document, effective as of that date. Doc. 69-5, Assignment Int., 443 ("1. **Assignment of Transferred Interest**. Effective as of the Effective Date, [Kevin] hereby donates, gives, transfers, assigns and conveys to [Pi] the Transferred Interest and all rights and interests pertaining thereto . . . . [Pi] hereby accepts the assignment of the Transferred Interest.").

Nor could signing the June 8, 2015 DAF Packet have "legally obligated" Kevin to transfer the asset, as the Keefers now argue, given the Burbank General Partner's "sole, absolute, and subject discretion" to consent to a transfer and the requirement that such consent be obtained, in writing, *before* any transfer of interest. Doc. 82, Br. Mot. Recons., 5; Doc. 69-4, Appraisal, 410. Though the Keefers argue for the first time in their reply that the Texas statute governing partnership law "expressly gives any partner the power to transfer his interest," Doc. 85, Reply, 4 (citing Tex. Bus. Orgs. Code Ann. § 152.401), § 152.401 is merely a default rule that can be overridden by the terms of a partnership agreement. *See* Tex. Bus. Orgs. Code § 152.002(a) ("Except as provided by Subsection (b), a partnership agreement governs the relations of the partners and between the partners and the partnership. *To the extent that the partnership agreement does not otherwise provide*, this chapter and the other partnership provisions govern the relationship of the partners and between the partners and the partnership." (emphasis added)). Here, the Partnership Agreement's express

prohibition on transfer without the partner first having obtained the general partner's written consent means that any purported transfer by Kevin before that time was without legal effect. Similarly, the Partnership Agreement's transfer limitation overrides the default entitlement to distribution provision of § 152.404(a), also cited by the Keefers. Doc. 85, Reply, 4.

So, as explained in the Court's prior order, the June 8, 2015 DAF Packet pre-dated the June 18, 2015 assignment and did not *acknowledge* that assignment. *See* 26 I.R.C. § 170(f)(8)(A). The Court therefore declines to disturb its summary judgment that the Keefers did not obtain a CWA meeting the exclusive legal control requirement of 26 I.R.C. § 170(f)(18). *See Keefer*, 2022 WL 2473369, at *12–14.

Finally, to the extent that the Keefers now appear to argue that the June 18, 2015 Assignment of Interest should be read together with the June 8, 2015 DAF Packet to create a CWA satisfying the exclusive legal control requirement of 26 I.R.C. § 170(f)(18), the Court rejects that argument. *See* Doc. 85, Reply, 4–6. The Keefers correctly note that under Texas law "[d]ocuments 'pertaining to the same transaction may be read together,' even if they are executed at different times and do not reference each other, and 'courts may construe all the documents as if they were part of a single, unified instrument.'" *Id.* at 5 (quoting *In re Laibe Corp.*, 307 S.W.3d 314, 317 (Tex. 2010)). However, before doing so, "a court may consider whether each written agreement and instrument was 'a necessary part of the same transaction.'" *Rieder v. Woods*, 603 S.W.3d 86, 94 (Tex. 2020). And, "when construing multiple documents together, courts must do so with caution, bearing in mind that tethering documents to each other is 'simply a device for ascertaining and giving effect to the intention of the parties and cannot be applied arbitrarily and without regard to the realities of the situation.'" *Id.* at 94–95 (quoting *Miles v. Martin*, 321 S.W.2d 62, 65 (Tex. 1959)).

Critically, each of the cases cited above gives the Court *permission* to construe multiple documents together, where appropriate under all the circumstances and to give effect to the intent of the parties. None of these cases *requires* the Court to do so. And here, considering the ten-day gap between the June 8, 2015 DAF Packet's signing and the June 18, 2015 Assignment of Interest's execution; that only one (Kevin) out of three signatories to the June 18, 2015 Assignment of Interest signed the June 8, 2015 DAF Packet; that neither document references the other; and that the CWA requirement requires strict (not substantial) compliance, the Court finds that the realities of the situation do not permit the documents to be read together. *See* Doc. 66, DAF Packet, 38; Doc. 69-5, Assignment Int., 443–44; *see also Keefer*, 2022 WL 2473369, at *16–17 (discussing cases permitting a court to consider multiple documents as forming a CWA and the strict compliance requirement).

Therefore, the Keefers' motion is **DENIED**.

### IV.

### CONCLUSION

For the reasons stated above, the Court **DENIES** the Keefers' Motion for reconsideration, new trial, or to alter or amend the judgment (Doc. 81).

**SO ORDERED.**

**SIGNED: August 10, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE